JACRI, INC. d/b/a Caswell–Massey of Charlotte; Richard F. Harris, III; Jacqueline K. Harris; and Rodrich, Inc., Plaintiffs,

v.

CASWELL–MASSEY CO. LTD.; Caswell–Massey Licenses Corporation; Caswell–Massey of Charlotte, Inc.; Herbert Alan Leeds; and Leeds Business Counseling, Inc., Defendants.

No. C–C–87–402–P.

United States District Court,
W.D. North Carolina,
Charlotte Division.

Dec. 7, 1988.

Richard F. Harris, III, George Daly, Charlotte, N.C., for plaintiffs.

Teresa L. Conrad, Casstevens, Hanner, Gunter, & Gordon, P.A., Charlotte, N.C., Dale A. Cooter, James E. Tompert, Cooter & Gell, Washington, D.C., for defendants.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on Plaintiffs' Motion for Sanctions and for Immediate Relief, filed November 23, 1988. For the reasons that follow, Plaintiffs' Motion will be denied.

On September 1, 1988, this Court entered an order which provided, in pertinent part, the following:

1. The Defendant Caswell–Massey Co. Ltd. will send current order forms to the [P]laintiff JacRi, Inc. and will keep JacRi, Inc. informed of all new products available for order.

2. The [D]efendant Caswell–Massey Co. Ltd. will promptly ship, as available, product ordered by the [P]laintiff JacRi, Inc. without preference being given to company and franchise owned stores and other wholesale accounts as to the availability and shipment of the product.

. . . .

7. Violations of this Order may subject the offender to appropriate sanctions.

*JacRi, Inc. v. Caswell–Massey Co. Ltd.,* C–C–87–402–P, slip op. at 1–2 (W.D.N.C. filed Sept. 1, 1988).

Plaintiffs allege that Defendants have materially and substantially violated these provisions of this Court's September 1, 1988 order. First, Plaintiffs allege that Defendants have failed to inform Plaintiffs of new products. Second, Plaintiffs allege that Defendants have willfully given a local company-owned store preferential treatment by shipping certain extremely desirable products to that store and not to Plaintiff JacRi, Inc. Finally, Plaintiffs allege that employees at the SouthPark company-owned Caswell–Massey store have spread misinformation concerning the likelihood that JacRi, Inc. will continue to receive Caswell–Massey products in the future.

On December 2, 1988, Plaintiffs filed a Supplement to their Motion for Sanctions and for Immediate Relief. On December 5, 1988, Defendants filed a memorandum in opposition to Plaintiffs' present Motions.

This Court will consider each of Plaintiffs' allegations in turn.

### A. *Failure to Inform of New Products*

Plaintiffs allege that during the Autumn of 1988 the Autumn 1988 Caswell–Massey catalogue ("the Autumn 1988 Catalogue") was distributed to company-owned stores, franchised stores, and thousands of mail order customers, but not to Plaintiff JacRi, Inc. ("JacRi"). Plaintiffs assert that the Autumn 1988 Catalogue introduced a new line of home fragrance products as well as a new peach potpourri. In addition, Plaintiffs allege that JacRi is no longer receiving automatic shipments of new products. Plaintiffs also allege that in November of 1988 the Christmas 1988 Caswell–Massey catalogue ("the Christmas 1988 Catalogue") was shipped to company-owned stores, franchised stores, and thousands of mail order customers, but not to JacRi; Plaintiffs allege that when JacRi found out about the Christmas 1988 Catalogue and tried to order copies of it, Caswell–Massey refused to sell the catalogues to JacRi.

■ In reply to Plaintiffs' allegations, Defendants assert that this Court's September 1st order only established a wholesale account for JacRi and that, therefore, JacRi, Inc. has been treated as an ordinary Caswell–Massey wholesale account—no worse and no better. In support of this assertion, Defendants have provided the affidavit of William T. Padgett, Vice President of Sales and Marketing for Defendant Caswell–Massey Co. Ltd. ("Caswell–Massey").

Mr. Padgett is in charge of Caswell–Massey's wholesale division. Mr. Padgett states in his affidavit that since the entry of the September 1st order JacRi has been treated the same as all other wholesale accounts. In addition, Mr. Padgett states that order forms and brochures describing the new home fragrances line were mailed to all wholesale accounts in September 1988; JacRi's name appears on a copy of the mailing list used.[1] Mr. Padgett also states that the Autumn 1988 Catalogue

---

1. Padgett Aff., Exh. 1.

was sent to all wholesale accounts, including JacRi. Finally, Mr. Padgett notes that wholesale accounts are normally sent only one catalogue per year—the Autumn 1988 Catalogue; the Christmas 1988 Catalogue is generally not available to wholesale accounts.

Given these circumstances, this Court is of the opinion that Defendants have not violated the letter or the spirit of this Court's September 1st order. Plaintiff JacRi apparently was sent a brochure describing Caswell–Massey's new home fragrances line and was sent the Autumn 1988 Catalogue. As a wholesale account, JacRi apparently is not entitled to receive the Christmas 1988 Catalogue. As long as Defendant Caswell–Massey Co. Ltd. continues in good faith to "send current order forms to the [P]laintiff JacRi" and continues to "keep JacRi ... informed of all new products available for order" this Court will consider Defendant to be in compliance with paragraph one of this Court's September 1st order. At this time it appears Defendant Caswell–Massey Co. Ltd. has in good faith tried to comply with both the letter and spirit of the September 1st order by sending to JacRi the usual fall catalogue and the brochure detailing the new home fragrances product line.

JacRi does contend in its present Motion that it received neither the Autumn 1988 Catalogue nor any notice of the new home fragrances line, but this Court is of the opinion that Defendant Caswell–Massey did indeed *send* such catalogue and notice to Plaintiff JacRi; perhaps the items were lost in the mail; perhaps they were misplaced after they were received. In any event, at this time this Court is not going to order sanctions against Defendant Caswell–Massey for willfully failing to comply with paragraph one of this Court's September 1st order; the greater weight of the evidence now before this Court tends to establish that Defendants have tried to do what is required. Future lapses of communication concerning new products, however, may be more suspicious and may serve as grounds for sanctions.

## B. *Preferences to Company Stores*

Plaintiffs allege that Defendants have given the SouthPark Caswell–Massey company-owned store preferential treatment by sending to the SouthPark store, but not to JacRi, Almond Cold Cream Soap, apparently a very popular type of soap. Since September 1988, JacRi has had no Almond Cold Cream Soap.

According to Plaintiffs, on September 7, 1988, JacRi sent its 1988 Christmas order to Caswell–Massey, including an order for Almond Cold Cream Soap; JacRi received part of its Christmas order on September 30, 1988, and it received another part on October 6, 1988; yet, forty percent (40%) of the order was left outstanding—"backordered"; specifically, the Almond Cold Cream Soap was not sent. On October 13 and 31, 1988, JacRi received two small shipments of backordered items, but until November 29, 1988, JacRi did not receive any Almond Cold Cream Soap, in either hand size bars or bath size bars. In JacRi's 1988 Christmas order 204 boxes of hand size bars and 204 boxes of bath size bars were ordered; the November 29th backorder shipment delivered only 96 boxes of each size bar, and, therefore, a substantial portion of JacRi's 1988 Christmas order for Almond Cold Cream Soap remains outstanding.

JacRi alleges that while it was forced to endure this shortage, its competitor, the SouthPark company-owned Caswell–Massey store, has been virtually up to its arm pits in Almond Cold Cream Soap. JacRi alleges that Defendants willfully gave preferential treatment to the SouthPark Caswell–Massey store by sending shipments to it of Almond Cold Cream Soap while substantial pending backorders from JacRi were left unattended and unserviced.

█ In response, Defendants assert that a large number of boxes of Almond Cold Cream Soap were recently sent to JacRi and other customers. The delay in sending the soaps, according to Defendants, was caused by a severe backorder problem affecting all stores selling Caswell–Massey products. In addition, Defendants assert that a shipping mistake in October 1988 resulted in the SouthPark store receiving

the entire supply of Almond Cold Cream Soap received at that time by Caswell–Massey; that supply, according to Defendants, was intended to be distributed evenly to all stores, but it was mistakenly shipped to the first store on Caswell–Massey's list. In support of these assertions, Defendants have provided the affidavits of (1) Larry Small, Sales Administrator for Caswell–Massey, and (2) Mr. Padgett.

This Court has carefully considered the parties' arguments on this point and the evidence presented. The greater weight of the credible evidence tends to establish that Defendants did not violate this Court's September 1st order by willfully giving any unfair preferential treatment to the SouthPark Caswell–Massey company store. Caswell–Massey apparently has had a hard time getting its supplier of Almond Cold Cream Soap to maintain a steady supply; all stores have suffered as a result, not just JacRi. By a simple fluke, the SouthPark company-owned Caswell–Massey store received the precious soap; at this point this Court is not going to order any sanctions against Defendants for this apparently innocent mix up.

Nonetheless, this Court is concerned that the Christmas season is upon us; JacRi needs Defendants' products to get through the holiday season. While this Court does not wish JacRi to be put in a position more favorable than any other store in the world selling Caswell–Massey products, certainly JacRi should not be put into any worse position; JacRi will have to endure the normal vicissitudes of supply and distribution, but it certainly should not have to suffer any bad faith shortages.

C. *Alleged Misinformation Supplied by SouthPark Caswell–Massey Employees*

■ Finally, Plaintiffs allege that unidentified employees at the SouthPark Caswell–Massey company-owned store have told some of JacRi's customers that once JacRi sells its present stock it will not be receiving Caswell–Massey products in the future. This Court has carefully considered Plaintiffs' allegations. At this

time, this Court is of the opinion that there is absolutely no substantial credible evidence to support such allegations.

NOW, THEREFORE, IT IS ORDERED that Plaintiffs' Motion for Sanctions and for Immediate Relief, filed November 23, 1988, is DENIED.